## DUNCAN v. JOHNSON.

Nos. 10266, 10337. OCTOBER 11, 1934.

*Edgar Latham* and *G. N. Bynum,* for plaintiff.

*William G. McRae* and *George G. Finch,* for defendant.

PER CURIAM. These two cases arose out of the same transaction. E. G. Johnson sold and conveyed described realty to Rosa Lee Duncan, and she executed a security deed and purchase-money notes to E. G. Johnson. The purchaser, having paid a portion of the notes, transferred and assigned her interest to Clarence Johnson, who assumed the debt, and subsequently she transferred to S. B. Lassale the loan deed which she had received from Clarence Johnson. After all of the above, E. G. Johnson, on September 29, 1931, wrote to Rosa Lee Duncan a letter asking her if it was her intention "to give up said house and lot." In reply Rosa Lee Duncan's husband, as her agent, communicated with E. G. Johnson and informed him that the property had been sold to Clarence Johnson, and that his loan deed to Rosa Lee Duncan had been transferred to Lassale. Following these communications, and as a result, "it was agreed that petitioner [Rosa Lee Duncan] would execute to the defendant [E. G. Johnson] a quitclaim deed to said property, and that defendant would deliver to her all of the outstanding notes which she had signed." Thereafter, on October 9, 1931, Rosa Lee Duncan did execute to E. G. Johnson a deed in which she did quitclaim all interest in the property, which deed was recorded and delivered to the defendant. This deed contained the following stipulation: "Grantor herein to be released from any further obligations to the grantee because of the original purchase of said property by grantor from grantee; but the obligation of Clarence Johnson, to whom grantor later sold said property, is not to be affected by this deed, and grantor quitclaims to grantee all rights existing in her favor against Clarence Johnson. But the rights of S. B. Lassale, to whom grantor transferred mortgage given

her by Clarence Johnson, are not intended to be affected by this instrument." She prayed for specific performance of the alleged agreement to surrender the notes, and for injunction against transfer of the defendant's property. The defendant filed a cross-action on the notes, and also a general demurrer to the petition, which was sustained, and a writ of error was sued out to this court. Rosa Lee Duncan filed an answer to the cross-action. On oral motion this answer was stricken, and the court at the same time directed a verdict on the cross-action for the amount of the unpaid notes and interest. Rosa Lee Duncan, complaining also of this judgment, sued out a second writ of error to this court. The two cases are herewith treated together.

■ In view of the stipulation contained in the quitclaim deed, the petition failed to show any agreement by Johnson to surrender or cancel the notes executed to him by the plaintiff. On the contrary, it appears that Johnson merely agreed to relieve the plaintiff from liability thereon, with the right in the defendant to retain the notes as evidence of the indebtedness thereon which had been assumed by Clarence Johnson in the purchase of the land from the plaintiff. The court did not err in sustaining the demurrer and in dismissing the plaintiff's petition.

■ The court erred in sustaining the defendant's oral motion and in striking the plaintiff's answer to the cross-action of the defendant. This answer set out substantially the same facts as alleged in the plaintiff's original petition, from which it appeared that the defendant was not entitled to a judgment in personam against the plaintiff on the notes in question. Whether or not, with proper parties, the defendant Johnson would have been entitled to a judgment for the indebtedness against Clarence Johnson, the assumer, with special lien against the land, is a question not presented by the instant record. See *Stapler* v. *Anderson,* 177 *Ga.* 434 (170 S. E. 498). The court erred in directing a verdict in favor of the defendant and against the plaintiff on the notes, as prayed for in the cross-action.

*Judgment affirmed in 10266; reversed in 10337. All the Justices concur.*